237266 Thank you. Thank you. Thank you. Good afternoon. May it please the court and good afternoon. Daniel Schumyser on behalf of the moving petitioner appellant Jamel Ash, who is currently serving a sentence of 15 years to life in New York State Prison. Mr. Ash respectfully moves this court to issue a certificate of appeal ability as to his habeas petition. As your honors know, the bar here is quite low. The certificate should issue if the decision of the district court, which denied Mr. Ash's petition by the Honorable Judge Koontz was merely debatable amongst jurists of reason. That's Miller L. That burden is easily met here. Mr. Ash's right to effective counsel was violated when Mr. Ash was on trial for felony murder in state court, and his attorney did not know all of the elements of homicide under New York State law. Accordingly, Mr. Ash's trial counsel omitted Mr. Ash's best defense, a defense that was frankly obvious to anyone who knew the law. At the absolute least, the district court's denial of Mr. Ash's habeas petition was debatable. Contrary to the district court's assertion, absolutely no deference should be due to the 440 decision of the state court. The state court that decided the 440 motion, that is the post-conviction motion to vacate, was the same trial judge who had presided over the bench trial. That 440 decision, which denied the motion to vacate, both misapplied Strickland and Hill, that's decisions of the Supreme Court, and made incredible claims that the court had silently, implicitly, and sua sponte considered the defense that had been completely omitted at trial. All of the testimony was about, there was medical testimony, and it was about causation. Exactly, Your Honor, yes. It all focused on factual causation, which under the New York standard is simply a question of linking the chains, of creating a link in the chain of causation. It is a separate question for foreseeability, which is a separate sub-element. There was nothing physically apparent about the victim. I mean, what happened was a robbery, and then the victim went away from the defendant, and then ran up some stairs, and in the course of running up the stairs, he experienced a cardiac event or something. That's exactly right, Your Honor. The decision in this case was a 23-year-old man. All of the evidence and testimony, the record, gives no reason to believe that he looked anything other than a young man of that age, of a normal appearance of that age. After the brief encounter on the street, the decedent, Mr. Battle, ran away. He had, frankly, an invisible heart condition called hypertrophic cardiomyopathy, and he passed away, unfortunately, due to that underlying condition. There is no reason in the record to believe that Mr. Battle's death was in any way reasonably foreseeable to my client. Yeah, the foreseeability cases generally look to some aspect of the victim. There's one involving an elderly woman, another involving a severely obese individual, but they all kind of zero in on the characteristics of the individual. There was no kind of testimony or focus at all here, and there was no argument about foreseeability at the close, correct? No, there was no argument about foreseeability at the close, and this is incredibly striking, frankly. The only mention of foreseeability or anything along these lines came at sentencing, when the trial judge, who later in the 440 decision claimed that he had decided foreseeability, said, sometimes unforeseen things happen. And I recognize, of course, that foreseeability and whether something was in fact foreseen are technically different, but there is no other mention in the record about foreseeability anywhere in the record. What is the Strickland error? The Strickland error, Your Honor, was the fact that due to trial counsel's incompetence, and I will emphasize here that everyone agrees, including the 440 court, that the trial counsel's performance was constitutionally deficient. That is no longer up for debate. Are you talking about prejudice? Yes, we're only talking about prejudice. The prejudice question is whether there's merely a reasonable probability that a foreseeability defense, namely, a defense that said it's not reasonably foreseeable that you're essentially going to scare a normal-looking 23-year-old man to death, whether the omission of that defense was reasonably probable to have affected the outcome of the trial. We submitted this court. We've submitted below and in other courts that that is clearly the case. So this is on habeas. So what is the unreasonable application? Your Honor, there are multiple unreasonable applications by the 440 court here. First, I would combine essentially contrary to an unreasonable application on this first point, which is namely that the trial court in its 440 decision essentially relied on, almost entirely, its post hoc say-so about, well, essentially saying the following. I can tell you that the foreseeability defense would not have worked because I presided over the trial. And you tried this non-jury, right?  I said non-jury. Oh, non-jury. Excuse me, yes. No, no, I apologize. The trial court's claim that the reliance on, truly, the idea that it would not have succeeded simply because I was there is contrary to Strickland and Hill. It is an unreasonable application of Strickland and Hill. We don't even have to decide that. We've just got to decide that it's a colorable claim. You're reading my mind, Your Honor, because we do not even need to get there. It's just whether it's colorable. I don't want to read your mind. I'm just asking the question. I apologize. Yes, absolutely. We do not need to get there at all. The question is simply, as I mentioned at the outset, whether this issue is debatable amongst jurists of reason. Thank you very much. Thank you very much. You might want to lower that. Yes, I can. The court officer will help you if you need. It's moving. I apologize. I'm good. I apologize. Your Honors, the state contends that the certificate of appealability should not issue because defendant has not made a substantial showing of the denial of a constitutional right in reviewing the defendant's motion to the motion for certificate of appealability. Do you not agree that with respect to the first Strickland prong, there's a least inadequate showing of a deficient performance by counsel given counsel's affidavit? Yes. With regard to the affirmation that the counsel provided, the people are foreclosed from arguing with this specific issue that it was strategic. At the bench trial, the judge, as the trier of fact, mentioned two cases that it was considering in reaching its verdict of guilty. One of them was People v. Kibbe. And Kibbe is really the seminal case for foreseeability, not for causation. Well, but Kibbe talks about foreseeability, but it also talks about causation. Yes. And in his colloquy, in talking about Kibbe, he doesn't talk, the trial judge doesn't mention foreseeability a bit. No. He talks about causation. That is true, but he had no reason to because trial counsel- He had no reason to because no defense had been presented with regard to foreseeability. Trial counsel was focusing on causation, and he had a highly credentialed medical doctor, a cardiologist, to address it, and he did not address the causation. But the trial court's later explication, when the same trial court is acting as the motion court, he should be credited when he says- Let me ask you- I'm the judge. Let me ask you- I'm sorry. What evidence, what shred of evidence was there in this record as to the physical condition of the victim that somehow implicated that the victim would somehow suffer a cardiac event as a result of the fear or the difficulty of the robbery? I don't think that's required, Your Honor. First of all, we have no evidence of what he looked like when he was approached by defendants- The record wasn't developed with regard to that, was it? It was not. There was no record as to whether- Consistent with defense counsel's lack of appreciation that foreseeability was an essential element of establishing murder. Well, the defendant approached a lone individual on a deserted street. He was not seeking out someone who looked healthy. He was just aiming for the only person who was walking along the street at 6.30 AM. But the foreseeability cases are all about people who have apparent difficulties. Not all of them. An elderly woman who gets her purse snatched or someone she's robbed, and she has some physical reaction to it. A fellow who suffers from severe obesity where the physical activity then generates something that the accused sees and can then appreciate that by their doing that, it's foreseeable that they might also cause injury to that individual. And what I suggest to you is if there's no evidence there, how is it that the trial judge says, well, I- Six years after the fact says, well, I did consider foreseeability, and therefore, I'm going to deny the 440. Well, he- Excuse me, Your Honor. He explained that he was citing Kibbe for foreseeability, and that is- Did he then identify the evidence in the record that led him to conclude that it was foreseeable? He did not. No. But a bench trial where the judge is a trier of fact has no more requirement that he explain his verdict than a jury does. No, I understand that. I participate in a few of mine in my life on the state court bench. But in fact, if I could address the fact that there are cases in New York, at least one, where the facts are very similar in that a- People v. Claussen, which also was the subject of a habeas corpus, where it was found that there was enough evidence to support a conviction for felony murder. And in that case, the victim who died, died two days later. She was a woman with a lifelong heart condition. She was 46 years old. There's no mention of her being obese. She is terrified when people force their way into her house, where her daughters open the door thinking it was pizza delivery. And she dies two days later. There are a slew of New York State cases where, although they don't expressly discuss foreseeability, people have died of heart conditions after robbery even without being particularly frail or elderly. Excuse me? Are those referenced in your papers? They are. Okay, great. Thank you very much. Mr. Bonas, do you have any questions? A very quick one, I guess. Counsel? Why are you making such a big deal out of a certificate of appealability if you have such, what shall we say, confidence in your situation? Doesn't this case at least express the advisability of having parents panel review this? I think the people just submit that it is unnecessary because the statement of the trier effect and then in the motion court should be credited that he actually considered foreseeability and therefore it's not a post hoc rationalization. It is an explication of why he said what he did. And it is expressly permitted, or I should say perhaps implicitly permitted, by Strickland which says, which acknowledges that if a judge's decision process is on the record of the matter before the reviewing court, it can be considered and I would assert that it should be credited here. Thank you very much. Thank you, Your Honors. We'll reserve the decision.